M. M. Gavin, Appellee, v. John Linnane, Appellant.

October 23, 1928.

*John A. & W. T. Guiher,* for appellant.

*Phil R. Wilkinson,* for appellee.

Evans, J.—No pleadings were filed in the district court. The points of controversy between the parties are indicated only by a perusal of the evidence in the district court, all of which was introduced without objection or exception. by either party. The appellant submits his appeal here upon an assign-

ment of error which challenges the jurisdiction of the fence viewers upon three grounds, as follows:

"1. The court erred in not holding that there had been such a previous division of the partition fence between the parties as to deprive the fence viewers of jurisdiction.

"2. The court erred in holding that the fence viewers had jurisdiction, when no prior request on the appellant by the appellee in writing had been made, as required by Section 1829 of the Code.

"3. The court erred in not holding the order for a tight fence made by the fence viewers was beyond their powers, and in holding said order valid when the appellee had not first made his portion of the fence tight, as provided by Sections 1847 and 1848 of the Code."

It appears from the evidence that the parties own adjoining lands, and that their controversy is over the maintenance of a partition fence. The plaintiff owns land adjoining the defendant's land on the south and on the east. Five or six acres are segregated from the body of the defendant's farm by the course of a river. This 6-acre tract is not conveniently accessible to the defendant. It is located at the southeast corner of the defendant's farm, and lies upon the partition line, both south and east, which is in controversy. The whole controversy involves only a few rods of fencing.

I. The appellant's first contention is that there had been a previous division of the partition fence, and that the jurisdiction of the fence viewers failed for this reason. The defendant made no such contention at the trial. On the contrary, he testified as follows:

"I have repaired the fence on the east side of this corner lot some years ago. That was when Mr. Johnson owned it. There never was any agreement, either verbal or written, between myself and either Mr. Johnson or Mr. Gavin, as to who should keep up the fence on the east side of it, nor any part of it;"

It appears from the evidence that Gavin had understood, when he bought the land from Johnson, in 1918, that a certain portion of the partition fence belonged to him, and a certain other portion to the appellant. But he was never able to get

from appellant any recognition of such division. There is, therefore, no basis of fact for the first assignment of error.

II. The second contention of the appellant is that there had been no written request made to him by Gavin for a partition fence, and that for this reason the jurisdiction of the fence viewers failed. No such point was presented in the district court. On the contrary, it was expressly waived. The record before us discloses the following:

"Mr. Wilkinson: Will you also admit the *request to build the fence?*

"Mr. Guiher: Yes, sir.

"Mr. Wilkinson: That is, to get jurisdiction.

"Mr. Guiher: I will admit the *jurisdiction.*"

Upon such an admission in the record, there was no occasion for further proof by the plaintiff in support of the jurisdiction.

III. The third point urged by the appellant is not jurisdictional. If the order made was erroneous at this point, it was subject to modification in the district court. No specific request for modification was made, nor was the attention of the district court directed to this particular feature of the order. The question may not be raised here for the first time. For aught that appears in this record, the appellee was already maintaining a tight fence upon that part of the line awarded to him. If complaint had been made in the district court as to this feature of the order, evidence could have been directed thereto. Having failed to make this particular complaint in the district court, he is in no position now to ask advantage from the absence of evidence on the question.

The written decision of the district court indicates that the fighting question in the district court was whether the appellant was required to maintain a partition fence at all. He contended his immunity from such liability because he received no revenue or benefit from the 6-acre tract. This exempting proviso was contained in a former statute, Section 2355, Code of 1897. It was eliminated, however, by later legislation, which now appears as Section 1829, Code of 1924. The point is not pressed here, and we have no occasion to discuss it. Sufficient to say that

the grounds upon which appellant predicates his challenge to the jurisdiction are all untenable.

The judgment below is, accordingly,—*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.